UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 02-385 |
| DERRICK SMITH | SECTION "K" |

## ORDER AND REASONS

Before the Court is Derek A. Smith's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 44). Having reviewed the pleadings, memoranda and the relevant law, the Court finds no merit in the motion.

**Background**

Derrick Smith ("Smith") was indicted in a three count indictment on June 19, 2002, for (Count 1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (Count 2) possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and (Count 3) possession of a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c). After having been *Mirandized* at the time of the arrest, Smith admitted to buying the gun involved a month prior to his arrest and admitted to possession of the crack cocaine involved. Smith pled guilty to Counts 1 and 2 pursuant to a plea agreement entered pursuant to Fed. R. Crim. P. 11(e)(1)(C)[1] wherein he agreed *inter alia* (1) to a sentence of 327 months (the top of the anticipated applicable guideline range which was 262 months to 327months) and (2) to waive his appeal rights as well as the right to collaterally challenge the

---

[1] This rule has been re-designated as Rule 11(c)(1)(C) since the entry of this plea.



sentence in exchange for the Government agreeing to dismiss Count 3 which carried a mandatory sentence of five years consecutive to his sentence with respect to Count 2.

The Presentence Investigation Report noted his prior convictions for attempted first degree murder and armed robbery, which rendered him a career criminal under § 4B1.1 such that his offense level was calculated to be 34 points with a criminal history category of VI. As such, the 327 month sentence was within the Guideline range and no objections were filed as regarded the Presentence Investigation Report which the Court adopted at the sentencing hearing. At sentencing, counsel for defendant raised the issue of the applicability of the career criminal guidelines at the behest of the defendant, while acknowledging that counsel did not have a valid legal argument against the application of the guidelines. The Court then specifically asked whether Smith wanted to withdraw his plea to which Smith responded "No." The Court also learned during the sentencing hearing that the gun recovered from Smith was a ballistic match to a murder for which Smith was suspected. Smith was subsequently sentenced and Count III was dismissed.

Smith appealed this sentence, and on May 16, 2005, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence imposed. It ruled that Smith's waiver of appeal was valid and, in addition, rejected Smith's argument that had he known the government was seeking to enhance his sentence as a career offender he would not have pleaded guilty as he knew and understood the consequences of his plea. Furthermore, as to the claims of ineffective assistance of counsel because counsel (1) failed to inform him that the government was seeking to enhance his sentence as a career offender (2) to investigate or challenge the enhancement, (3) to review the PSR with him and (4) to present his objections, the Fifth Circuit ruled that these claims were waived in

the right to appeal his sentence, and furthermore, because even if the waiver did not apply, Smith could not demonstrate prejudice. *Smith v. United States*, 143 Fed. Appx. 559, 561 (May 16, 2005).

Smith filed the instant motion under 28 U.S.C. § 2255 on June 13, 2005. In this post-conviction proceeding, Smith raises in essence the same objections, albeit recast in different terms. He now claims that:

(1) there was a misapplication of the United States Sentencing Guidelines in that (a) the calculations were based on his "career offender" status, but he allegedly did not obtain a 3 level reduction (albeit he admits that the presentence investigation report reflected a decrease from 34 to 31;

(2) that the prosecution failed to disclose its intention to seek a career offender guideline application for what was actually one conviction but what was treated as separate conviction and that he was not warned until after defendant received the report;

(3) defendant entered into a guilty plea not being aware that he would face additional time for his past convictions; and

(4) ineffective assistance of counsel by counseling defendant that he should waive his appeal rights before informing defendant that he would face enhancements.

The Court will now address defendant's contentions.

## Analysis

### Defendant Knowingly Waived Appeal Rights on Sentence Including Specifically Career Status Application

The Fifth Circuit has already recognized and ruled that Smith's waiver of appeal rights was valid. In that waiver, he also waived his rights to file the instant post-conviction proceeding under § 2255. As stated by the Fifth Circuit with regard to his allegations that he received ineffective

3

assistance of counsel because, *inter alia*, counsel failed to inform his that the government was seeking to enhance his sentence as a career offender:

> Smith may not raise these claims, because his plea agreement generally waived the right to appeal his sentence. A defendant must know that he had "aright to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). Because the district court plainly explained the waiver provision at the rearraignment and Smith stated he understood it, the waiver provision is valid and bars our consideration of these issues. Even if the waiver did not apply, however, Smith cannot demonstrate any prejudice resulting from counsel's alleged deficiencies, **because he received the sentence to which he had stipulated.**

*Smith,* 143 Fed. Appx. at 561.

Plaintiff agreed to a 327 month sentence when he pled guilty at the rearraignment which the Fifth Circuit recognized as valid. In addition, it must be remembered that Smith admitted to buying the gun involved a month prior to his arrest and admitted to possession of the crack cocaine involved after his arrest and being *Mirandized*. Furthermore, this Court specifically gave Smith the opportunity to withdraw his plea based when it became aware of defendant's objection to career offender status.

An informed and voluntary waiver of post-conviction relief is effective to bar such relief except such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel *United States .v Wilkes*, 20 F.3D 651, 653 (5th Cir. 1994). However, the Fifth Circuit as noted has found the ineffective assistance claims devoid of merit already. Finally, Smith has not been prejudiced as he received the sentence to which he stipulated.

### Smith's Claims Do Not Meet § 2255 Standards

In addition, as stated by the Fifth Circuit in *United States v. Segler,* 37 F.3d 1131 (5th Cir. 1994):

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992). Moreover, a defendant "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir.1991) (en banc) (citation omitted), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). "If the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice." *Id.* at 232 n. 7.

*Id.* at 1133.

Misapplication of the Sentencing Guidelines do not give rise to a constitutional claim. As stated in *U.S. v. Cervantes,* 132 F.3d 1106 (5th Cir. 1998):

> Technical application of the Sentencing Guidelines does not give rise to constitutional issues. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992). And although the appeal waiver prevented Cervantes from raising this issue on direct appeal, the assigned error does not result in a fundamental defect inherently resulting in a complete miscarriage of justice. *See United States v. Smith,* 844 F.2d 203, 206 (5th Cir.1988) (citations omitted).

*Id* at 1109. Thus, Smith's first contention concerning career offender guideline application and a 3 level reduction of the offense level based on cooperation fail. Likewise, his claims concerning the failure by the government to disclose its intention to seek a career offender guideline application for what was actually one conviction but what was treated as separate convictions likewise fail as

fundamentally the claim hinges on the application and definition of the guidelines to career offender status.

To the extent that the second claim is for misconduct on the part of the government, the claim is procedurally barred as it was not raised on appeal, and it does not meet the standard required. Pretermitting all other arguments, no prejudice can be demonstrated. Smith agreed to the sentence to which he committed. This fact applies with equal force to the claim that he entered into a guilty plea not being aware that he would face additional time for his past convictions. Furthermore, the Fifth Circuit has already rejected this argument. Finally, the ineffective assistance of counsel by virtue of his counseling defendant that he should waive his appeal rights before informing defendant that he would face enhancements, belies the facts of this case and do not meet the requisite need to demonstrate a fundamental miscarriage of justice.

The fact remains that this defendant knowingly entered a plea to a specific sentence which was imposed. Under the circumstances of this case, simply put, Smith has not raised an issue which reaches constitutional or jurisdictional proportion, nor has he demonstrated circumstances that would result in a complete miscarriage of justice. In the case at bar, Smith admitted at the time he was arrested to the violations to which he was sentenced to the time to which he agreed. Accordingly,

**IT IS ORDERED** that Derek A. Smith's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 44) is **DENIED**, and judgment shall be entered dismissing same with prejudice.

Houma, Louisiana, this 23 day of November, 2005.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE