# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 02-385 |
| DEREK SMITH | SECTION "K"(1) |

## ORDER AND OPINION

Before the Court are the "Civil Rule 60 B(6) Motion for Relief From a Judgment/Order" (Doc. 68), "Motion for Appointment of Counsel" (Doc. 69), and "Motion for Evidentiary Hearing" (Doc. 70), all filed *pro se* by defendant Derek Smith. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the Rule 60 B(6) on the merits and denies the other motions as moot.

On August 14, 2003, Smith pleaded guilty to being a felon in possession of a firearm and possession with intent to distribute more than 50 grams of cocaine base. (Doc. 66). Smith received a sentence of 327 months imprisonment pursuant to a stipulated sentence in his plea agreement. He appealed, and on May 16, 2005, the United States Court of Appeals for the Fifth Circuit upheld the conviction and sentence.

In June 2005, Smith challenged his conviction and sentence pursuant to a motion to vacate under 28 U.S.C. § 2255. In that motion, Smith raised in essence the same objections he raised on appeal, albeit recast in different terms, which included the following grounds for relief:

1) There was a misapplication of the United States Sentencing Guidelines in that the calculations were based on his "career offender" status, but he allegedly did not obtain a three-level reduction;

2) The prosecution failed to disclose its intention to seek a career offender guideline application for what was actually one conviction but what was

> treated as a separate conviction and that he was not warned until after defendant received the report;
> 
> 3) Defendant entered a guilty plea not being aware that he would face additional time for his past convictions;
> 
> 4) Ineffective assistance of counsel in counseling defendant to waive his appeal rights before informing defendant that he would face enhancements.

That motion was dismissed with prejudice on the merits by Judgment entered December 7, 2005. Defendant did not appeal that judgment.[1]

Thereafter Smith filed a, "Rule 60(b) Relief from a Judgment or Order," in which he again argued that his enhanced sentence as a career offender under the United States Sentencing Guidelines § 4B1.1 was improper. The Court construed that request for relief by defendant as a successive motion for relief as described in 28 U.S.C. §§ 2244 and 2255. Because this Court lacked jurisdiction to consider a successive motion for *habeas corpus* relief absent defendant having obtained a certification from the United States Court of Appeals for the Fifth Circuit permitting him to file such a motion, the Court transferred the motion to the Fifth Circuit Court of Appeals to be reviewed for certification. Doc. 67. The Fifth Circuit denied defendant a certification to file a successive §2255. *In Re: Derek Smith,* No. 11-31132 (5th Cir. February 8, 2012), (Doc. 73).

After the Court transferred defendant's request for relief to the Fifth Circuit, but prior to the time that the Fifth Circuit denied defendant the requisite certification to file a second or successive motion for *habeas corpus* relief, defendant filed in this Court this "Civil Rule 60B(6) Motion for Relief from a Judgement/Order (Doc. 68). That motion raises essentially the same claims

---

[1] In March 2008, Smith filed a motion to reduce his sentence for the crack cocaine offense pursuant to 18 U.S.C. § 3582. The motion was denied. Smith appealed that ruling, and his appeal was dismissed by the United States Fifth Circuit Court of Appeals as frivolous. Rec. Doc. No. 63. Smith has not stated that he is challenging the ruling, and in any event, Rule 60(b) is a civil motion that is not available to an individual challenging his sentence under § 3582. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003).

previously urged by defendant in his Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 44). The Court has previously reviewed the merits of defendant's claims and denied defendant relief. Doc. 50. "A Rule 60(b) motion should be denied if it challenges on the merits an earlier denial of habeas relief." *Balentine v. Thaler*, 636 F.3d 842, 846 (5th Cir. 2010. Because defendant is challenging a prior merits-based ruling, the Court denies the motion.

The Court notes that the Supreme Court has held that, if a Rule 60(b) motion seeks to add a new ground for relief or attacks a federal court's previous resolution of a claim on the merits, it constitutes a *habeas* claim. *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed. 2d 480 (2005). The Court declines to construe this as a motion for *habeas corpus* relief and pursuant to 28 U.S.C. §1631, transfer it to the Fifth Circuit so that it may determine whether defendant is authorized under §2244 and §2255 to file the motion to vacate in this Court. Considering the Fifth Circuit's prior denial of such a certification with respect to a request for relief on essentially the same grounds, the Court concludes that such a transfer would be futile. Accordingly, the Court simpy denies the motion for Rule 60(b) relief.

Considering the Court's reasoning and conclusion herein, defendant's motion for appointment of counsel and motion for an evidentiary hearing are denied as moot.

New Orleans, Louisiana, this 27th day of February, 2012.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE