**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                          **CRIMINAL ACTION**

**VERSUS**                                                                **No. 2-385**

**DEREK SMITH**                                                          **SECTION I**

<u>**ORDER AND REASONS**</u>

Before the Court is defendant Derek Smith's ("Smith") motion[1] requesting copies of his sentencing transcript and relevant documents from his case. The Court construes this motion as a request for copies of these records at the Court's expense.[2]

A federal prisoner is entitled to a free transcript if he is asserting a claim pursuant to 28 U.S.C. § 2255 and a judge "certifies that the transcript is needed to decide the issue presented." 28 U.S.C. § 753(f). Indigent prisoners do not have a "federally-protected right to a free copy of court records to search for possible claims." *Dusenbery v. United States*, 844 F. App'x 741, 742 (5th Cir. 2021) (unpublished) (citing *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971)). A federal prisoner is not entitled to a free copy of his sentencing transcript or records where he "contends that

---

[1] R. Doc. No. 119.

[2] The Court construes this filing liberally as it was filed *pro se. See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Smith is currently represented by government-appointed attorneys from the Federal Public Defender's Office. R. Doc. No. 107. The Court therefore construes Smith's request as including an inability to pay for his sentencing transcript.

   To the extent that Smith wishes to pay for his sentencing transcript, Smith or his attorneys of record may contact the Clerk of Court and file the appropriate order form. *See Ordering Transcripts*, U.S. Dist. Ct. for the E. Dist. La., https://www.laed.uscourts.gov/case-information/ordering-transcripts (last visited June 21, 2024).

he needs them to formulate a claim or to review for facts that may support a potential habeas petition." *United States v. Hernandez-Cuellar*, No. 21-40051, 2021 WL 4484963, at *1 (5th Cir. Sept. 30, 2021) (citing *United States v. MacCollum*, 426 U.S. 317, 325–26 (1976)). Rather, a federal prisoner must "demonstrate that the transcript is necessary for the proper disposition of his claims." *United States v. Watson*, 61 F. App'x 919, at *1 (5th Cir. 2003) (unpublished) (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)).

Smith has not stated the reason for his request for "relevant documents"[3] or his sentencing transcript, and he has failed to explain their relationship to any ongoing proceeding. Furthermore, the Court notes that no appeal or application for a writ of habeas corpus are currently pending. "Given that [Smith's] request is not related to any pending proceeding, the Court is unable to certify that [Smith] is pursuing a matter that is not frivolous or that the transcripts are needed to decide the issue[ ] presented by such a matter." *See United States v. Stovall*, No. 16-18, 2021 WL 4439608, at *1 (E.D. La. Sept. 28, 2021) (Vance, J.) (internal quotations and citation omitted). Accordingly,

**IT IS ORDERED** that Smith's motion is **DENIED**.

---

[3] *See* R. Doc. No. 119.

New Orleans, Louisiana, June 24, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**